The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR08-5485 RBL |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S *PRO SE* REQUESTS FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| VINCENT LEE BRADLEY, | |
| Defendant. | |

This matter comes before the Court on Defendant Bradley's *pro se* requests for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act of 2010 ("FSA"). *See* Dkt. 53, Dkt. 58.[1] The Court DENIES the requests.

## I. BACKGROUND

On August 26, 2008, Defendant Vincent Lee Bradley entered a guilty plea to one count of Possession of Cocaine Base (crack) with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Dkt. 38. In the Plea Agreement, Bradley admitted the offense involved a total of 292.7 grams of cocaine base in the form of crack cocaine (241 grams + 51.7 grams). Dkt. 38, ¶ 8.c-8.d.

---

[1] The *pro se* requests are in the form of a "notice" and a letter. *See* Dkts. 53 & 58. The Court appointed counsel in October of 2011, following the filing of the initial notice. Dkt. 57. Counsel was granted an extension of time, until February 2012, to file a supplemental motion, if warranted. Dkt. 62. No supplemental motion was filed.

The Presentence Report ("PSR") applied the November 2007 edition of the Sentencing Guidelines. PSR ¶ 12. The PSR calculated Bradley's Base Offense Level as Level 32, corresponding to between 150 and 500 grams of cocaine base. PSR ¶ 13. The PSR awarded a three-level reduction for acceptance of responsibility, and concluded that Bradley's Total Offense Level was 29. PSR ¶19, ¶ 22. The PSR found that Bradley scored 13 criminal history points, corresponding to criminal history category VI. PSR ¶ 70.

The Court sentenced Bradley on January 9, 2009. Dkt. 49. The Court adopted the PSR without change, and concluded that Bradley's Total Offense Level was 29, at criminal history category VI, resulting in a Guideline range of 151 to 188 months. *See* Statement of Reasons at 1; PSR ¶ 94. The Court imposed a sentence below the applicable range: 132 months' imprisonment. Dkt. 49 at 2.

## II. DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (9th Cir. 1997) (quoting *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997)). Once a sentence is imposed, a court may not modify a term of imprisonment, except to the extent permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. §§ 3582(b) and (c); *United States v. Dillon*, 120 S. Ct. 2683 (2010).

Title 18, United States Code, Section 3582(c)(2) provides a narrow exception to this rule, requiring that two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactive Guidelines amendment; and (2) the sentencing reduction sought must be consistent with the Sentencing Commission's applicable policy statements. Where a case does not meet both of these criteria, the district court lacks jurisdiction to resentence the defendant. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009); *United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009). Bradley is not eligible for a reduction because

he fails to meet either of the two required criteria.  That is, Amendment 750 has not lowered the Guidelines range applicable to his offense and, as a result, any retroactive reduction would violate the Commission's policy.

Bradley's offense involved an admitted 292.7 grams of cocaine base in the form of crack cocaine.  Dkt. 38, ¶ 8.  Under the post-amendment version of the Sentencing Guidelines, an offense involving at least 280 grams of cocaine base is still scored at Base Offense Level 32.  USSG § 2D1.1(c) (2011 Ed.)  This is the same Base Offense Level as was applied at Bradley's original sentencing.  *See* PSR ¶ 13.

Section 1B1.10 of the Sentencing Guidelines, the Sentencing Commission's Policy Statement controlling reductions as a result of Guidelines amendments, mandates that reductions are not authorized if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  USSG § 1B1.10(a)(2)(B).  It also directs: "The court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."  USSG § 1B1.10 (b)(1).  Accordingly, because Bradley's range is not any lower by virtue of the substitution of the recent amendments into his sentencing calculus, he is not eligible for a reduction.

## III.     CONCLUSION.

For the foregoing reasons, Defendant's requests for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the FSA are DENIED.

IT IS SO ORDERED this 10th day of May, 2012.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE